# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     Derek Austin Murphy                                    Case No. 25-50136-KMS
           Tiffany Renee Murphy, Debtors                          CHAPTER 13

## **NOTICE**

The undersigned counsel for Debtors has filed papers with the court to approve attorney's compensation.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Application, or if you want the court to consider your views on the Application, then on or before 21 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Dan M. Russell, Jr., U.S. Courthouse
2012 15th Street, Suite 244
Gulfport, MS 39501

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to the Debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief, which shall sustain this Application for Compensation.

Date: August 14, 2025         Signature:   /s/ Thomas C. Rollins, Jr.
                                           Thomas C. Rollins, Jr. (MSBN 103469)
                                           Jennifer A Curry Calvillo (MSBN 104367)
                                           The Rollins Law Firm, PLLC
                                           PO Box 13767
                                           Jackson, MS 39236
                                           601-500-5533
                                           trollins@therollinsfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:     Derek Austin Murphy                                    Case No. 25-50136-KMS
           Tiffany Renee Murphy, Debtors                                    CHAPTER 13

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF NECESSARY EXPENSES**
**FOR THOMAS C. ROLLINS, JR.**

COMES NOW, Thomas C. Rollins, Jr., (the "Applicant") attorney for the Debtors, and files this *Final Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Thomas C. Rollins, Jr.* and in support thereof, would respectfully show to this Honorable Court as follows, to-wit:

1. On January 31, 2025, Debtors filed a bankruptcy petition under Chapter 13 of the bankruptcy code.

**FEE AGREEMENT**

2. The Debtors and Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC (hereinafter "the firm"), have agreed to an hourly billing arrangement in lieu of this Court's standard "no look" fee award. Per said agreement, attorney T.C. Rollins is billed at a rate of $360.00 per hour while attorney Jennifer Calvillo is billed at a rate of $360.00 per hour. Paralegals are billed at a rate of $155.00 per hour. Legal Assistants bill at $100.00 per hour. Said rates are reasonable and in keeping with community custom and standards for attorneys in this area.

3. Throughout its representation of the Debtors herein, Applicant has maintained itemized billing entries which are completed and maintained contemporaneously with the associated service(s) provided.

## RETAINER

4. The Debtors herein did not provide a retainer.

## FEES PAID TO DATE

5. The Court previously approved interim compensation in the amount of $3,647.31(Dk #21..  Total interim compensation totals $3,647.31.

6. The trustee has disbursed $1,239.07 on this claim as of August 8, 2025.

## ADDITIONAL FEES REQUESTED

7. None.

8. Waived

## TOTAL FEES FOR FINAL APPROVAL

1. Applicant requests that the final award of attorneys fees be reduced to $1,239.07, being the amount already having been disbursed by the Trustee. A detailed accounting is attached hereto as Exhibit "B".

### A. LODESTAR ANALYSIS

**1. The prevailing hourly rate in the community under § 330**

The Applicant requests fees based on the following hourly rates: $360.00 for attorneys, $155.00 for paralegals, and $100.00 for legal assistants.

The hourly rates for attorneys with similar skills and experience as consumer bankruptcy attorneys can vary widely, typically ranging from $200 to $450 per hour. Due to the specialized nature of bankruptcy law, many attorneys are not proficient in this field. However, with 14 years of experience, approximately 4,000 bankruptcy cases filed, board certification in consumer bankruptcy law, and a strong community reputation, Thomas Rollins is well-qualified to command fees at the higher end of this range. Similarly, Jennifer Calvillo, who has 12 years of

experience with the same firm, having worked on 90% of those 4,000 cases, holds board certification in consumer bankruptcy law, is highly regarded in the community, and is a partner in her firm, is equally positioned to charge at the upper end of this spectrum. The Applicants' paraprofessionals charge a blended rate of $127.50 per hour, which is within the reasonable range for paraprofessional services.

### 2. Reasonable hours expended

While Chapter 11 lawyers may only be compensated for reasonable time expended that produce a material benefit to the estate, § 330(a)(B) provides that a chapter 13 debtor's attorney can be awarded reasonable compensation for representing the interests of the debtor, based on the benefit and necessity of such services to the debtor and the other factors found in § 330.

The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.

An itemization of time is attached as Exhibit "B" and an affidavit of Applicant is attached as Exhibit "C".

### 3. Lodestar calculation

The total lodestar amount is $1,239.07, representing a combined total of 43.8 hours at a blended attorney/paraprofessional rate of $28.29 per hour.

## B. ADJUSTMENTS TO LODESTAR

After determining the appropriate lodestar amount, the Court must decide whether the application of the § 330 factors and the Johnson factors warrant upward or downward adjustment.

1.  **§ 330 Factors**

The following § 330 factors were already discussed when determining the lodestar amount:

(A) The time spent on such services;

(B) The rates charged for such services;

(C) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The remaining § 330 factors are discussed b**elow:**

(D) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

   a. The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.
   b. No adjustment is warranted.

(E) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

   a. The Applicant did not devote excessive time to drafting schedules, pleadings, or conducting research. A significant amount of time was spent investigating the Debtor's financial situation and gathering the necessary documents for submission to the Trustee. This work was efficiently handled by legal assistants, who billed at $100.00 per hour.
   b. No adjustment is warranted.

(F) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

   a. Both Thomas Rollins and Jennifer Calvillo are board-certified in consumer bankruptcy law by the American Board of Certification. In Mississippi, only

        five bankruptcy practitioners hold this certification, with three based in the state. Of these, two are with the Applicant's firm.
- b. The Applicant's extensive experience has already been addressed in the lodestar analysis.
- c. This factor was taken into account when setting the Applicant's hourly rate, but otherwise supports an upward adjustment.

    **2.    Johnson Factors**

The following *Johnson* factors were already discussed when determining the lodestar amount:

1. The time and labor required.
2. The novelty and difficulty of the questions presented.
3. The skill required to perform the legal services properly.
4. The customary fee in the community.
5. Whether the fee is fixed or contingent.
6. The experience, reputation, and ability of the attorneys.

The remaining *Johnson* factors are discussed b**elow:**

7. The preclusion of other employment by the attorney due to acceptance of the case.
    - a. Not Applicable.
    - b. No adjustment is warranted.

8. Time limitations imposed by the client or circumstances.
    - a. Not Applicable
    - b. No Adjustment is necessary.

9. The amount involved and the results obtained.
    - a. This factor was already discussed in the § 330 analysis (Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;)
    - b. No adjustment is warranted.

10. The undesirability of the case.

    a. While this case is no less desirable that other chapter 13 cases, when compared to the broader legal community chapter 13 cases have many elements that make them very undesirable.
    b. **Client Non-Cooperation**: Debtors in Chapter 13 cases may have difficulty gathering the necessary financial documentation or adhering to the repayment plan, which increases the attorney's workload and the chances of case dismissal.
    c. **Length of the Process**: Chapter 13 cases typically last 5 years, which may lead to diminished client interest and requires attorneys to remain vigilant for potential issues throughout the repayment period. Few practice areas demand such a long-term commitment, where a lawyer must predict an appropriate fee upfront. While some bankruptcy cases are confirmed and proceed smoothly, most require substantial additional work post-confirmation, including handling Motions to Dismiss or Motions for Relief.
    d. **Risk of Dismissal**: If the debtor fails to make payments or meet other requirements of the repayment plan, the case may be dismissed, and the attorney may not be compensated for all of the work completed. Chapter 13 practitioners collect a shockingly low percentage of allowed fees in chapter 13 cases.
    e. This factor weighs in favor of an upward adjustment.

11. The nature and length of the professional relationship with the client.

    a. Applicant had no prior professional relationship with the client prior to their engagement in this matter.
    b. No adjustment is warranted.

12. Awards in similar cases

    a. The "market rate" of $4,000.00 is a distorted figure, as attorneys are pressured to accept it to avoid the burdensome fee application process, rather than reflecting a true market rate.
    b. Under § 330(a)(3)(F), the Court is instructed to compensate bankruptcy attorneys at a rate comparable to that of similarly skilled and experienced **non-bankruptcy attorneys**.
    c. This is only one of the twelve Johnson factors. If the Court determines that a downward adjustment is warranted, this factor should be considered alongside the other § 330 and Johnson factors which favor an upward adjustment of the lodestar.
    d. Market rates have been addressed in the lodestar analysis, and no additional adjustment is necessary.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein and authorizing and directing Debtors to pay said attorneys' fees and expenses. Applicants pray for general relief.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., certify that an accurate copy of the Application for Compensation was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S. Trustee are registered to receive electronic notice in this case. The date of said notice is reflected on the Docket.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>  Derek Austin Murphy<br>  Tiffany Renee Murphy | CASE NO: 25-50136-KMS<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 8/14/2025, I did cause a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A Invoice

Exhibit B Accounting

Exhibit C Affidavit

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/14/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>Derek Austin Murphy<br>Tiffany Renee Murphy | CASE NO: 25-50136-KMS<br><br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 8/14/2025, a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A Invoice

Exhibit B Accounting

Exhibit C Affidavit

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/14/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

```
USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

FIRST CLASS

DEREK AND TIFFANY MURPHY
 13485 WARREN DR.
GULFPORT  39503
```